# BLISS *v.* DUNCAN.

---

LANDLORD AND TENANT; PLEADING; WAIVER; MUNICIPAL COURT; NOTICE TO
QUIT; DEEDS OF TRUST.

1. In a landlord and tenant proceeding, defects in the form of the complaint, and notice to quit, and the fact that the reversion of the lease sued on is outstanding in a third person, are not jurisdictional, but may be waived by the failure of the defendant to make objection

by proper pleading, and cannot be advanced for the first time on appeal.

2. Proceedings in the municipal court are intended to be simple and as free as possible from legal technicalities. (Citing *Chamberlain* v. *Edmonds*, 18 App. D. C. 332.)

3. A notice to a tenant to quit, which describes the demised property in the same way that it is described in the lease, and which gives the tenant more than thirty days' notice to surrender the premises, is a sufficient notice.

4. A tenant in possession of land sold at a foreclosure sale under a deed 'of trust becomes by operation of law the tenant of the purchaser. (Construing D. C. Code, sec. 1036 [31 Stat. at L. 1352, chap. 854].)

5. It is not necessary in order to keep a suit alive that a plaintiff shall cause successive summonses to be issued every twenty days, or to enter continuances until the defendant can be served. If no summons is issued between the date of the return of the first not found and the date of the issuance of the last, it will not affect the validity of the service of the last summons. (Citing *Parsons* v. *Hill*, 15 App. D. C. 533.)

6. Service of summons in a landlord and tenant proceeding by leaving a copy with a person over sixteen years of age in possession of the leased premises, and a return to that effect by the marshal, are a substantial compliance with the requirements of section 21, D. C, Code (31 Stat. at L. 1193, chap. 854).

No. 2785. Submitted October 7, 1915. Decided November 1, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia for possession of leased premises in a landlord and tenant proceeding, entered on a motion for judgment for want of a sufficient affidavit of defense. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was originally brought in the municipal court of the District of Columbia to recover possession of certain real estate.

It appears that in 1912, appellant Archibald M. Bliss, hereafter referred to as defendant, leased the property in question from plaintiff William B. Duncan by the month, thereby becom-

ing a tenant from month to month. In 1913, plaintiff assigned the lease to one Biddle, to whom the real estate had been conveyed. Biddle executed a trust on the property, defaulted, and at the sale plaintiff purchased. Thereafter, on February 26, 1914, plaintiff served the following notice to quit upon defendant:

New York, N. Y., February 20, 1914.
Col. Archibald M. Bliss, Washington, D. C.,

Sir:—I hereby give you notice to remove from, surrender up, and quit the premises known as Overlook Inn, East Washington Heights, District of Columbia, on April 10, 1914.

Respectfully yours,
W. B. Duncan.

Defendant disregarded the notice, and plaintiff filed a complaint for possession, and a writ was issued on May 9, 1914, summoning defendant to appear on May 25th. The marshal failing to serve the summons, the date, May 25th, was stricken out, and May 29th inserted. On June 2d, the summons was returned indorsed, "Not to be found." Three similar writs were issued and returned, "Not to be found." Thereupon, a fifth summons was issued, which was served by the marshal by leaving a copy with a person above the age of sixteen years, found in possession of the premises. Defendant appeared specially, challenging the jurisdiction of the court. Judgment for plaintiff was entered, and an appeal was taken by defendant to the supreme court of the District of Columbia, where the judgment was affirmed, from which defendant has appealed to this court.

*Mr. John Ridout* and *Mr. James B. Archer, Jr.,* for the appellant.

*Mr. Charles Cowles Tucker, Mr. Edward S. Bailey, Mr. J. Miller Kenyon,* and *Mr. Henry B. F. Macfarland* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Counsel for defendant urge the following objections to the judgment of the municipal court: That the municipal court was without jurisdiction to entertain the suit; that the complaint did not state a cause of action; that the notice to quit was not in proper form, and that the plaintiff was not so vested with the reversion of the lease as to enable him to maintain this action.

The sufficiency of the complaint and the form of the notice were suggested in the special appearance to the jurisdiction, as follows:

"Four. It does not appear by the record that thirty days' notice in writing was served upon the defendant or waived by him, wherefore the court was and is without jurisdiction to entertain the complaint or issue process thereon.

"Five. It appears by the record that the reversion of the alleged lease is outstanding in Tyrrell E. Biddle.

"Six. It does not appear by the complaint or record that any known or described lands, tenements, or hereditaments are held by the defendant or claimed by plaintiff."

Without stopping to consider whether this amounted to a general appearance, it is clear that the defects complained of are not jurisdictional, but may be waived by failure to make objection by proper plea, and cannot be advanced for the first time on appeal. However, we have examined into the merits of these objections, and find both the form of notice and the complaint sufficient. "Proceedings before justices of the peace are intended to be simple and as free as possible from legal technicalities." *Chamberlain* v. *Edmonds,* 18 App. D. C. 332.

As to the notice to quit, the description of the property is the same in the notice as in defendant's lease, and more than the thirty days' notice required was given. As to the contention that the assignment of the reversion to plaintiff under the trust sale did not vest in him the rights of Biddle, as landlord under the lease, defendant was in possession of the leased premises so acquired by plaintiff, and, hence, became, by operation of

law, his tenant. D. C. Code, sec. 1036 [31 Stat. at L. 1352, chap. 854]; *Lucas* v. *Brooks,* 18 Wall. 436, 21 L. ed. 779.

The question of lack of jurisdiction growing out of the alleged defective service might also be disposed of on the ground of waiver by general appearance, but we will briefly consider it on its merits. Between the first and last summons it is not material how many were issued. In this District, it is not necessary, in order to keep a suit alive, that a plaintiff shall cause successive summons to be issued every twenty days, or to enter continuances until the defendant can be served. Had no summons been issued between the date of the return of the first and the date of the issuance of the last, it would not have affected the validity of the service. In the case of *Parsons* v. *Hill,* 15 App. D. C. 533, where a period of almost two years elapsed between the return of the original summons and the issue of the alias summons upon which service was made, Mr. Justice Morris, after holding that the ancient English practice of successive writs and continuances in suits at law in the courts of common pleas has no place in our rules of procedure, said: "It is not apparent to us what good purpose is to be subserved by the continuous and uninterrupted issue of writs of summons in periods of twenty days, when they cannot be actually served, and it is perfectly well known to the plaintiff that they cannot be served, on account of the absence of the defendant from the jurisdiction, or for some other sufficient cause."

Service of summons in this instance by leaving a copy with a person over sixteen years of age in possession of the premises, and a return to that effect by the marshal, was a substantial compliance with the requirements of section 21 of D. C. Code (31 Stat. at L. 1193, chap. 854), which provides: "If the defendant * * * cannot be found, said summons may be served * * * by leaving the same with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered."

The judgment is affirmed, with costs. *Affirmed.*